OPINION
Charles Campbell is appealing from a determination by the Montgomery County Common Pleas Court that he is a sexual predator.
In 1989, Campbell was indicted on two counts of rape of a person under the age of thirteen. He later pleaded guilty to one count of attempted rape and one count of gross sexual imposition of a person under the age of thirteen, and was sentenced accordingly. Following a hearing on August 25, 2000, the trial court determined Campbell to be a sexual predator. Campbell timely appealed bringing the following as his sole assignment of error:
 I. THE TRIAL COURT'S DECISION DESIGNATING APPELLANT A SEXUAL PREDATOR IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
A sexual predator is a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Pursuant to R.C. 2950.09(B)(2), in determining whether an offender is a sexual predator, the trial court may consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
A determination that an offender is a sexual predator is required to be based upon clear and convincing evidence. R.C. 2950.09(B)(3). If the trial court's decision is supported by clear and convincing evidence, it will not be disturbed on appeal. State v. Copes (Sept. 3, 1999), Montgomery App. No. 17483, unreported.
Campbell contends that the trial court's decision is not supported by the evidence. He argues, first, that his age militates against a finding that he is a sexual predator. Campbell contends that he is now forty-nine years of age, and thus, is "well outside the high-risk parameters for sexually oriented offenses of this type." However, the evidence shows that Campbell was already, at the time of the offense, outside of the high-risk parameter. Therefore, it is not an abuse of discretion to find Campbell's age category of little relevance.
Campbell also argues that the evidence shows that he is not a danger to the community or likely to commit a future offense because at the time of the offenses, he was the leader of a girl scout troop and drove children to school in a taxi cab, but confined his offenses to his own children. At the hearing, he testified that this case involved an "incestuous problem, [not] a community problem". However, the record is clear that Campbell abused three young children who were under his power and control; his own daughters. The trial court would be within its discretion in considering Campbell a risk to other young children.
Campbell notes that he was never convicted of any other sexually oriented offenses, and that he has not had any additional sexually oriented violations since he was convicted. The record demonstrates that while he was never convicted of any other sexually oriented offense, Campbell admitted to sexually molesting two other daughters who were under the age of thirteen. Additionally, the fact that Campbell has not committed any more sexually oriented offenses is of little consequence since he has been imprisoned since his conviction.
Campbell also contends that there is mitigating evidence which indicates that he should not be adjudged a sexual predator. Specifically, he contends that his participation in a sexual offender treatment program, and his recovery from drug use are factors in his favor.
The record, however, reveals that Campbell did not complete his sexual offender treatment. Rather, it shows that Campbell was engaged in treatment until he was denied parole, at which time he discontinued the program. The record contains a psychological evaluation which notes that the risk for recidivism is increased because Campbell's actions suggest that he obtained treatment solely in order to secure early release, rather than in an effort to prevent recurrences. Also, while Campbell claims that he has not been involved with drugs despite their ready availability in prison, the trial court would be well within its discretion to find that the lack of drug abuse has been the result of involuntary abstinence rather than a true treatment of his addiction.
The evidence in the record reveals that Campbell's conviction arose out of his sexual molestation of his eight year old daughter. Campbell also admitted to sexually abusing his other two young daughters. He was diagnosed as a pedophile at the time he committed the crimes. He failed to complete appropriate sexual offender treatment, and has not sought treatment for his drug addiction.
We find that the trial court's determination that Campbell is a sexual predator is supported by clear and convincing evidence. Therefore, his assignment of error is overruled, and the judgment of the trial court is affirmed.
 ______________________ FREDERICK N. YOUNG, J.